| | |
|---|---|
| 1 | JUAN MARCEL MARCELINO |
|   | FRANK C. HUNTINGTON |
| 2 | ELLEN E. BOBER |
|   | 73 Tremont Street, Suite 600 |
| 3 | Boston, MA 02108 |
|   | Telephone: (617) 424-5900 |
| 4 | Facsimile:   (617) 424-5940 |

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

SECURITIES AND EXCHANGE COMMISSION,)

   Plaintiff,

   v.

DALE PETERSON,
RUSSELL KINSCH,
JAMES WALSH,
RICHARD NABOZNY,
MICHAEL SMITH,
CHARLES BALENTINE and
WAYNE ARMSTRONG,

   Defendants.   )

Case No. C02-01467-PVT

FINAL JUDGMENT OF PERMANENT INJUNCTION, OFFICER AND DIRECTOR BAR, CIVIL MONETARY PENALTY AND OTHER EQUITABLE RELIEF AGAINST DEFENDANT RUSSELL KINSCH

Plaintiff Securities and Exchange Commission ("Commission"), having duly commenced this action by filing its Complaint ("Complaint"), and Defendant Russell Kinsch ("Kinsch"), having entered a general appearance in this action; having, in the annexed Consent of Defendant Russell Kinsch ("Consent"), admitted to the jurisdiction of this Court over him and over the subject matter of this action; having waived the entry of findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52; having, without admitting or denying the allegations of the Complaint, except as to jurisdiction, which he admits, consented to the entry of this Final Judgment of Permanent Injunction, Officer and Director Bar, Civil Monetary Penalty and Other Equitable Relief Against Defendant Russell Kinsch

1   ("Final Judgment") permanently restraining and enjoining Defendant Kinsch from, directly or indirectly,

2   violating Sections 10(b),13(a),13(b)(2)(A),13(b)(2)(B), and 13(b)(5) ofthe Securities Exchange

3   Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j (b), 78m(a), 78m(b)(2)(A), 78m(b)(2)(B), and

4   78m(b)(5)] and Exchange Act Rules IOb-5,12b-20,13 a-1,13a-13,13b2-1 and 13b2-2 [17 C.F.R.

5   §§ 240.1Ob-5, 240.12b-20, 240.13a-1, 240.13a-13, 240.13b2-1 and 240.13b2-2]; permanently

6   barring Defendant Kinsch, pursuant to Section 21(d)(2) ofthe Exchange Act [15 U.S.C. §78u(d)(2)],

7   from serving as an officer or director of any issuer required to file reports with the Commission

8   pursuant to Sections 12(b), 12(g) or 15(d) of the Exchange Act [15 U.S.C. §§781(b), 781(g) and

9   78o(d)]; and ordering Defendant Kinsch to pay civil monetary penalties of $50,000; having waived

10  the filing of an Answer to the Complaint; having waived his right to appeal from this Final Judgment;

11  having waived any rights under the Equal Access to Justice Act, the Small Business Regulatory

12  Enforcement Fairness Act of 1996 or any other provision of law to pursue reimbursement of

13  attorney's fees or other fees, expenses or costs expended by Defendant Kinsch to defend against this

14  action and having agreed, for these purposes, that he is not the prevailing party in this action since the

15  parties have reached a good faith settlement; and it further appearing that this Court has jurisdiction

16  over Defendant Kinsch and the subject matter hereof, and the Court being fully advised in the

17  premises.

18

19      IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant Kinsch,

20  his agents, servants, employees, attorneys, successors and assigns and all persons in active concert

21  or participation with them who receive actual notice of this Final Judgment by personal service or

22  otherwise, and each ofthem, be and hereby are permanently restrained and enjoined from violating

23  Section 10(b) of the Exchange Act [15 U.S.C. § 78j (b)] and Rule IOb-5 [17 C.F.R. § 240.1 Ob-5]

24  thereunder by, directly or indirectly, using any means or instrumentality of interstate commerce, or the

25  mails, or any facility of any national securities exchange:

26      (a)   to employ any device, scheme or artifice to defraud,

27      (b)   to make any untrue statement of a material fact or to omit to state a material fact

28          necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading, or

(c) to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

## II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Kinsch, his agents, servants, employees, attorneys, successors and assigns and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, violating Section 13 (a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 13a-1, 13a-13 and 12b-20 thereunder [17 C.F.R. §§ 240.13a-1, 240.13a-13 and 240.12b-20] by allowing any issuer of securities registered under Section 12 of the Exchange Act [ 15 U.S.C. § 78l] to fail to file, in accordance with such rules and regulations as the Commission prescribes as necessary or appropriate, such information and documents as the Commission requires to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to Section 12 of the Exchange Act, or such annual and quarterly reports as the Commission prescribes, including, but not limited to, annual reports on Form 10-K as prescribed by Rule 13a-1 [17 C.F.R. § 240.13 a-1 ] and quarterly reports on Form 10-Q as prescribed by Rule 13a-13 [17 C.F.R. § 240.13a-13], and by failing to include, in addition to the information expressly required to be included in any statement or report filed pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] such further material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not misleading.

## III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Kinsch, his agents, servants, employees, attorneys, successors and assigns and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Sections 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by participating with an issuer

of securities registered under Section 12 of the Exchange Act, directly or indirectly, in the failure to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the issuer;

IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Kinsch, his agents, servants, employees, attorneys, successors and assigns and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating 13(b)(2)(B) of the Exchange Act [ 15 U. S.C. §78m(b)(2)(B)] to fail to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that the issuer's transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles.

V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Kinsch, his agents, servants, employees, attorneys, successors and assigns and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act [ 15 U.S.C. § 78m(b)(5)] by knowingly circumventing or failing to implement a system of internal accounting controls or knowingly falsifying any book, record or account or by, directly or indirectly, falsifying or causing to be falsified any book, record or account of an issuer which has a class of securities registered with the Commission or which is required to file reports with the Commission.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Kinsch, his agents, servants, employees, attorneys, successors and assigns and all persons in active concert or participation with them who receive actual notice of this Final  Judgment by personal service or otherwise, and each ofthem, be and hereby are permanently restrained and enjoined from violating Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1 ] by, directly or indirectly, falsifying or causing

to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Kinsch and his agents, servants, employees, attorneys, successors or assigns, and those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Exchange Act Rule 13b2-2 [17 C.F.R. §240.13b2-2] by directly or indirectly, making or causing to be made a materially false or misleading statement, or omitting to state, or causing another person to omit to state, a material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with (i) an audit or examination of the financial statements of an issuer required to be made or (ii) the preparation or filing of a document or report required to be filed with the Commission.

VIII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Kinsch shall be barred permanently, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. §78u(d)(2)], from serving as an officer or director of any issuer required to file reports with the Commission pursuant to Sections 12(b), 12(g) or 15(d) of the Exchange Act [15 U.S.C. §§78l(b), 78l(g) and 78o(d)].

IX.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Kinsch shall pay civil monetary penalties in the amount of $50,000 pursuant to section 21(d)(3) of the Exchange Act. Defendant Kinsch's payment of $50,000 shall be: (1) made within thirty days of the entry of this Final Judgment; (2) made by bank cashier's check, bank money order, certified check or United States postal money order; (3) made payable to the Securities and Exchange Commission; (4) mailed or hand-delivered to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Stop 0-3, Alexandria, Virginia, 22312; and (5) submitted under cover of a letter that identifies Russell Kinsch as the Defendant in this action, the name and number of this action and name of this Court, with a copy to Frank C. Huntington, at

1  the Commission's Boston District Office located at Suite 600, 73 Tremont Street, Boston,
2  Massachusetts 02108.

3                                                 X.

4       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Kinsch
5  shall, at the Commission's request, provide discovery and testify at any deposition and at any judicial
6  or administrative proceeding brought by the Commission related to the Complaint or any allegations
7  therein and any continuing litigation or proceeding based thereon.

8                                                 XI.

9       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the annexed
10 Consent of Defendant Russell Kinsch be, and hereby is, incorporated by reference herein with the
11 same force and effect as if fully set forth herein.

12                                                XII.

13      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall
14 retain jurisdiction over Defendant Kinsch as a party to this matter for the purpose of implementing and
15 enforcing the terms and conditions of this Final Judgment.

16                                               XIII.

17      There being no just reason for delay, the Clerk of the Court is directed, pursuant to Fed. R.
18 Civ. P. 54(b), to enter this Final Judgment forthwith.

19

20      DONE AND ORDERED at *San Jose, CA*     this   *20th*     day
21 of        *June*         , 200*3*.

22
23
                                                    */s/ Patricia V. Trumbull*
24                                           Honorable Patricia V. Trumbull
                                             United States Magistrate Judge
25
26
27
28