1   JUAN MARCEL MARCELINO
    FRANK C. HUNTINGTON
2   ELLEN E. BOBER
    73 Tremont Street, Suite 600
3   Boston, MA  02108
    Telephone:  (617) 424-5900
4   Facsimile:   (617) 424-5940

5   Attorneys for Plaintiff
    SECURITIES AND EXCHANGE COMMISSION

6

7

8                   UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
9                        SAN JOSE DIVISION

10

11

    SECURITIES AND EXCHANGE COMMISSION,)
12
                         Plaintiff,              )
13
          v.                                         Case No.  C02-01467-PVT
14
    DALE PETERSON,                                   FINAL JUDGMENT OF
15  RUSSELL KINSCH,                                  PERMANENT INJUNCTION,
    JAMES WALSH,                                     OFFICER AND DIRECTOR
16  RICHARD NABOZNY,                                 BAR, CIVIL MONETARY
    MICHAEL SMITH,                                   PENALTY AND OTHER
17  CHARLES BALENTINE and                            EQUITABLE RELIEF
    WAYNE ARMSTRONG,                                 AGAINST DEFENDANT
18                                                   RICHARD NABOZNY
                         Defendants.             )
19

20

21          Plaintiff Securities and Exchange Commission ("Commission"), having duly commenced this

22  action by filing its Complaint ("Complaint"), and Defendant Richard Nabozny ("Nabozny"), having

23  entered a general appearance in this action; having, in the annexed Consent of Defendant Richard

24  Nabozny ("Consent"), admitted to the jurisdiction of this Court over him and over the subject matter

25  of this action; having waived the entry of findings of fact and conclusions of law pursuant to Fed. R.

26  Civ. P. 52; having, without admitting or denying the allegations of the~:Complaint, except as to

27  jurisdiction, which he admits, consented to the entry of this Final Judgment of Permanent Injunction,

28  Officer and Director Bar, Civil Monetary Penalty and Other Equitable Relief Against Defendant

1  Richard Nabozny ("Final Judgment' ) permanently restraining and enjoining Defendant Nabozny from,

2  directly or indirectly, violating Sections 10(b), 13(a), 13(b)(2)(A), 13(b)(2)(B), and 13(b)(5) of the

3  Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b), 78m(a), 78m(b)(2)(A),

4  78m(b)(2)(B), and 78m(b)(5)] and Exchange Act Rules l Ob-5, 12b-20, 13a-1, 13a-13 and 13b2-1

5  [17 C.F.R. §§ 240.1Ob-5, 240.12b-20, 240.13a-1, 240.13a-13 and 240.13b2-1]; permanently

6  barring Defendant Nabozny, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C.

7  §78u(d)(2)], from serving as an officer or director of any issuer required to file reports with the

8  Commission pursuant to Sections 12(b), 12(g) or 15(d) of the Exchange Act [15 U.S.C. §§781(b),

9  781(g) and 78o(d)]; and ordering Defendant Nabozny to pay civil monetary penalties of $75,000;

10  having waived the filing of an Answer to the Complaint; having waived his right to appeal from this

11  Final Judgment; having waived any rights under the Equal Access to Justice Act, the Small Business

12  Regulatory Enforcement Fairness Act of 1996 or any other provision of law to pursue reimbursement

13  of attorney's fees or other fees, expenses or costs expended by Defendant Nabozny to defend against

14  this action and having agreed, for these purposes, that he is not the prevailing party in this action since

15  the parties have reached a good faith settlement; and it further appearing that this Court has jurisdiction

16  over Defendant Nabozny and the subj ect matter hereof, and the Court being fully advised in the

17  premises.

18                                                I.

19       IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant Nabozny,

20  his agents, servants, employees, attorneys, successors and assigns and all persons in active concert

21  or participation with them who receive actual notice of this Final Judgment by personal service or

22  otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating

23  Section 10(b) of the Exchange Act [15 U.S.C. § 78j (b)] and Rule l Ob-5 [17 C.F.R. § 240.1 Ob-5]

24  thereunder by, directly or indirectly, using any means or instrumentality of interstate commerce, or the

25  mails, or any facility of any national securities exchange:

26       (a)    to employ any device, scheme or artifice to defraud,

27       (b)    to make any untrue statement of a material fact or to omit to state a material fact

28              necessary in order to make the statements made, in the light of the circumstances

1        under which they were made, not misleading, or

2   (c)        to engage in any act, practice or course of business which operates or would operate

3            as a fraud or deceit upon any person,

4   in connection with the purchase or sale of any security.

5                               II.

6        IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant

7   Nabozny, his agents, servants, employees, attorneys, successors and assigns and all persons in active

8   concert or participation with them who receive actual notice of this Final Judgment by personal service

9   or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly

10  or indirectly, aiding and abetting violations of Section 13 (a) of the Exchange Act [15 U.S.C. §

11  78m(a)] and Rules 13a-1, 13a-13 and 12b-20 thereunder [17 C.F.R. §§ 240.13a-1, 240.13a-13

12  and 240.12b-20], whereby an issuer of securities registered under Section 12 of the Exchange Act

13  [15 U.S.C. § 78l] fails to file, in accordance with such rules and regulations as the Commission

14  prescribes as necessary or appropriate, such information and documents as the Commission requires

15  to keep reasonably current the information and documents required to be included in or filed with an

16  application or registration statement filed pursuant to Section 12 of the Exchange Act, or such annual

17  and quarterly reports as the Commission prescribes, including, but not limited to, annual reports on

18  Form 10-K as prescribed by Rule 13a-1 [17 C.F.R. § 240.13a-1] and quarterly reports on Form

19  10-Q as prescribed by Rule 13a-13 [17 C.F.R. § 240.13a-13], and by failing to include, in addition

20  to the information expressly required to be included in any statement or report filed pursuant to Section

21  13 (a) of the Exchange Act [ 15 U. S.C. § 78m(a)] such further material information, if any, as may be

22  necessary to make the required statements, in light of the circumstances under which they are made,

23  not misleading.

24

25      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant

26  Nabozny, his agents, servants, employees, attorneys, successors and assigns and all persons in active

27  concert or participation with them who receive actual notice of this Final Judgment by personal service

28  or otherwise, and each of them, be and hereby are permanently restrained and enjoined from directly

Nabozny Final Judgment
(C02-01467-PVT)

1    or indirectly, aiding and abetting violations of Section 13(b)(2)(A) ofthe Exchange Act [15 U.S.C.

2    § 78m(b)(2)(A)], whereby an issuer which has a class of securities registered with the Commission

3    pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or which is required to file reports

4    pursuant to Section 15(d) ofthe Exchange Act [15 U.S.C. §78o(d)] fails to make and keep books,

5    records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and

6    dispositions of the issuer.

7                                        IV.

8         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant

9    Nabozny, his agents, servants, employees, attorneys, successors and assigns and all persons in active

10   concert or participation with them who receive actual notice ofthis Final Judgment by personal service

11   or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly

12   or indirectly, aiding and abetting violations of Section 13(b)(2)(B) ofthe Exchange Act [15 U.S.C.

13   §78m(b)(2)(B)], whereby an issuer which has a class of securities registered with the Commission

14   pursuant to Section 12 of the Exchange Act [ 15 U. S.C. § 78l] or which is required to file reports

15   pursuant to Section 15(d) ofthe Exchange Act [ 15 U.S.C. §78o(d)] fails to devise and maintain a

16   system of internal accounting controls sufficient to provide reasonable assurances that an issuer's

17   transactions are recorded as necessary to permit preparation of financial statements in conformity with

18   generally accepted accounting principles.

19                                       V.

20        IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant

21   Nabozny, his agents, servants, employees, attorneys, successors and assigns and all persons in active

22   concert or participation with them who receive actual notice of this Final Judgment by personal service

23   or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating

24   Section 13(b)(5) ofthe Exchange Act [15 U.S.C. § 78m(b)(5)] by knowingly circumventing or failing

25   to implement a system of internal accounting controls or knowingly falsifying any book, record or

26   account or by, directly or indirectly, falsifying or causing to be falsified any book, record or account

27   of an issuer which has a class of securities registered with the Commission or which is required to file

28   reports with the Commission.

Nabozny Final Judgment
(C02-01467-PVT)

VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Nabozny, his agents, servants, employees, attorneys, successors and assigns and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1 ] by, directly or indirectly, falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act

VII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Nabozny shall be barred permanently, pursuant to Section 21(d)(2) of the Exchange Act [ 15 U.S.C. §78u(d)(2)], from serving as an officer or director of any issuer required to file reports with the Commission pursuant to Sections 12(b), 12(g) or 15(d) ofthe Exchange Act [15 U.S.C. §§781(b), 781(g) and 78o(d)].

VIII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Nabozny shall pay civil monetary penalties in the amount of $75,000 pursuant to section 21(d)(3) of the Exchange Act. Defendant Nabozny's payment of $75,000 shall be as follows: (1) the $75,000 shall be paid in three payments; the first payment of $30,000 is to be made within 30 days of the entry of this Final Judgment; the second payment of $25,000 is to be made within 90 days of the first payment; and the third and final payment of $20,000 is to be made within 90 days of the second payment; (2) made by bank cashier's check, bank money order, certified check or United States postal money order; (3) made payable to the Securities and Exchange Commission; (4) mailed or hand-delivered to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Stop 0-3, Alexandria, Virginia, 22312; and (5) submitted undercover of a letter that identifies Richard Nabozny as the Defendant in this action, the name and number of this action and name of this Court, with a copy to Frank C. Huntington, at the' Commission's Boston District Office located at Suite 600, 73 Tremont Street, Boston, Massachusetts 02108.

Nabozny Final Judgment
(C02-01467-PVT)

IX.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Nabozny shall, at the Commission's request, provide discovery and testify at any deposition and at any judicial or administrative proceeding brought by the Commission related to the Complaint or any allegations therein and any continuing litigation or proceeding based thereon.

X.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the annexed Consent of Defendant Richard Nabozny be, and hereby is, incorporated by reference herein with the same force and effect as if fully set forth herein.

XI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction over Defendant Nabozny as a party to this matter for the purpose of implementing and enforcing the terms and conditions of this Final Judgment.

XII.

There being no just reason for delay, the Clerk of the Court is directed, pursuant to Fed. R. Civ. P. 54(b), to enter this Final Judgment forthwith.

DONE AND ORDERED at *San Jose, CA* this *20th* day of *June* , 200*3*.

*/s/ Patricia V. Trumbull*
**Honorable Patricia V. Trumbull**
**United States Magistrate Judge**

Nabozny Final Judgment
(C02-01467-PVT)