| | |
|---|---|
| 1 | **JUAN MARCEL MARCELINO** |
| | **FRANK C. HUNTINGTON** |
| 2 | **ELLEN E. BOBER** |
| | **73 Tremont Street, Suite 600** |
| 3 | **Boston, MA 02108** |
| | **Telephone: (617) 424-5900** |
| 4 | **Facsimile:   (617) 424-5940** |
| 5 | Attorneys for Plaintiff |
| | **SECURITIES AND EXCHANGE COMMISSION** |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION,) | | |
| Plaintiff, | | |
| v. | | Case No. **C02-01467-PVT** |
| DALE PETERSON, | | **FINAL JUDGMENT OF** |
| RUSSELL KINSCH, | | **PERMANENT INJUNCTION,** |
| JAMES WALSH, | | **OTHER EQUITABLE RELIEF** |
| RICHARD NABOZNY, | | **AGAINST DEFENDANT** |
| MICHAEL SMITH, | | **CHARLES BALENTINE** |
| CHARLES BALENTINE and | | |
| WAYNE ARMSTRONG, | | |
| Defendants.             ) | | |

Plaintiff Securities and Exchange Commission ("Commission"), having duly commenced this action by filing its Complaint ("Complaint"), and Defendant Charles Balentine ("Balentine"), having entered a general appearance in this action; having, in the annexed Consent of Defendant Charles Balentine ("Consent"), admitted to the jurisdiction of this Court over him and over the subject matter of this action; having waived the entry of findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52; having, without admitting or denying the allegations of the Complaint, except as to jurisdiction, which he admits, consented to the entry of this Final Judgment of Permanent Injunction and Other Equitable Relief Against Defendant Charles Balentine ("Final Judgment") permanently

1  restraining and enjoining Defendant Balentine from, directly or indirectly, violating Sections 10(b),
2  13(a),13(b)(2)(A),13(b)(2)(B), and 13(b)(5) ofthe Securities Exchange Act of 1934 ("Exchange
3  Act") [15 U.S.C. §§ 78j(b), 78m(a), 78m(b)(2)(A), 78m(b)(2)(B), and 78m(b)(5)] and Exchange
4  Act Rules lOb-5, 12b-20, 13a-1, 13a-13 and 13b2-1 [17 C.F.R. §§ 240.10b-5, 240.12b-20,
5  240.13a-1, 240.13a-13 and 240.13b2-1 ];having waived the filing of an Answer to the Complaint;
6  having waived his right to appeal from this Final Judgment; having waived any rights under the Equal
7  Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996 or any other
8  provision of law to pursue reimbursement of attorney's fees or other fees, expenses or costs expended
9  by Defendant Balentine to defend against this action and having agreed, for these purposes, that he
10 is not the prevailing party in this action since the parties have reached a good faith settlement; and it
11 further appearing that this Court has jurisdiction over Defendant Balentine and the subject matter
12 hereof, and the Court being fully advised in the premises.

13                                              I.

14      IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant Balentine,
15 his agents, servants, employees, attorneys, successors and assigns and all persons in active concert
16 or participation with them who receive actual notice of this Final Judgment by personal service or
17 otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating
18 Section 10(b) of the Exchange Act [15 U.S.C. § 78j (b)] and Rule l Ob-5 [17 C.F.R. § 240.1 Ob-5]
19 thereunder by, directly or indirectly, using any means or instrumentality of interstate commerce, or the
20 mails, or any facility of any national securities exchange:

21      (a)   to employ any device, scheme or artifice to defraud,
22      (b)   to make any untrue statement of a material fact or to omit to state a material fact
23            necessary in order to make the statements made, in the light of the circumstances
24            under which they were made, not misleading, or
25      (c)   to engage in any act, practice or course of business which operates or would operate
26            as a fraud or deceit upon any person,
27 in connection with the purchase or sale of any security.
28

II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Balentine, his agents, servants, employees, attorneys, successors and assigns and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, violating Section 13 (a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 13a-1, 13a-13 and 12b-20 thereunder [17 C.F.R. §§ 240.13 a-1, 240.13 a-13 and 240.12b-20] by allowing any issuer of securities registered under Section 12 ofthe Exchange Act [15 U.S.C. § 78l] to fail to file, in accordance with such rules and regulations as the Commission prescribes as necessary or appropriate, such information and documents as the Commission requires to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to Section 12 of the Exchange Act, or such annual and quarterly reports as the Commission prescribes, including, but not limited to, annual reports on Form 10-K as prescribed by Rule 13a-1 [17 C.F.R. § 240.13 a-1] and quarterly reports on Form 10-Q as prescribed by Rule 13a-13 [17 C.F.R. § 240.13 a-13], and by failing to include, in addition to the information expressly required to be included in any statement or report filed pursuant to Section 13 (a) of the Exchange Act [ 15 U.S.C. § 78m(a)] such further material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not misleading.

III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Balentine, his agents, servants, employees, attorneys, successors and assigns and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each ofthem, be and hereby are permanently restrained and enjoined from violating Sections 13(b)(2)(A) ofthe Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by participating with an issuer of securities registered under Section 12 ofthe Exchange Act, directly or indirectly, in the failure to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the issuer;

IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Balentine, his agents, servants, employees, attorneys, successors and assigns and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating 13(b)(2)(B) ofthe Exchange Act [15 U.S.C. §78m(b)(2)(B)] to fail to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that the issuer's transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles.

V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Balentine, his agents, servants, employees, attorneys, successors and assigns and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Section 13(b)(5) ofthe Exchange Act [15 U.S.C. § 78m(b)(5)] by knowingly circumventing or failing 1,0 implement a system of internal accounting controls or knowingly falsifying any book, record or account or by, directly or indirectly, falsifying or causing to be falsified any book, record or account of an issuer which has a class of securities registered with the Commission or which is required to file reports with the Commission.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Balentine, his agents, servants, employees, attorneys, successors and assigns and all persons in active concert or participation with them who receive actual notice ofthis Final Judgment by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1 ] by, directly or indirectly, falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that, based

upon Balentine's sworn representations in his Statement of Financial Condition dated July 5, 2002 concerning his inability to pay, the Court is not ordering Balentine to pay a civil monetary penalty pursuant to Section 21(d)(3) of the Exchange Act [ 15 U. S.C. § 78u(d)(3)].  If at any time following the entry of this Final Judgment, the Commission obtains information indicating that Balentine's representations to the Commission concerning his assets, income, liabilities or net worth were fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to him, petition the Court for an order requiring him to pay the maximum civil monetary penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Balentine was fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including but not limited to ordering Balentine to pay funds or assets, directing the forfeiture of any assets, or imposing sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Balentine may not, by way of defense to such petition: (1) challenge the validity of his Consent or the Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of a civil penalty should not be ordered; (4) contest the imposition of the maximum civil penalty allowable under the law; or (5) assert any defense to liability or remedy, including but not limited to any statute of limitations defense.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Balentine shall, at the Commission's request, provide discovery and testify at any deposition and at any judicial or administrative proceeding brought by the Commission related to the Complaint or any allegations therein and any continuing litigation or proceeding based thereon.

## IX.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the annexed Consent of Defendant Charles Balentine be, and hereby is, incorporated by reference herein with the same force and effect as if fully set forth herein.

X.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction over Defendant Balentine as a party to this matter for the purpose of implementing and enforcing the terms and conditions of this Final Judgment.

XI.

There being no just reason for delay, the Clerk of the Court is directed, pursuant to Fed. R. Civ. P. 54(b), to enter this Final Judgment forthwith.

DONE AND ORDERED at *San Jose, CA* this *20th* day of *June*, 200*3*.

*/s/ Patricia V. Trumbull*
Honorable Patricia V. Trumbull
United States Magistrate Judge